IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gerald D. Varnes,                        Case No. 3:04CV7777
                                                       (3:02CR750)
            Plaintiff

            v.                                     ORDER

United States of America,

            Defendant

This is a petition under 28 U.S.C. § 2255 in which the petitioner challenges the sentence imposed following revocation of his supervised release.

**Background**

The petitioner plead guilty to a three count information for failing to report work while receiving Social Security disability benefits. He was sentenced to three concurrent terms of fifteen months, to be followed by a three-year term of supervised release.

Following the petitioner's release from imprisonment, he commenced serving his term of supervised release. He violated the conditions of release by committing a state offense (attempted theft), for which he received a term of six months state imprisonment.

After serving that state term, the petitioner appeared before the undersigned for a revocation hearing. He admitted the violation, and the undersigned revoked his supervised release. He was then sentenced to commitment to the Bureau of Prisons for a term of eighteen months, to be followed by a term of supervised release for eighteen months, with the first six months of that term to be served in a halfway house.

These events occurred on September 1, 2004. Petitioner filed the instant petition on December 22, 2004. In his § 2255 petition, he asserts four challenges to his attorney's effectiveness: the first three of which challenged the adequacy of representation at the revocation and the fourth of which challenged counsel's performance at the time of his original sentence.

In *Varnes v. U.S.*, 2005 WL 646095 (N.D. Ohio, March 21, 2005), I denied petitioner's second, third, and fourth claims. On June 20, 2005, I held an evidentiary hearing regarding petitioner's remaining claim: that his attorney failed, despite his request that she do so, to file a notice of appeal after the revocation hearing.

During the hearing, I found that petitioner did not ask his attorney to file a notice of appeal. I granted petitioner leave to amend his petition to allege that his attorney failed to consult with him regarding whether an appeal should be filed.

## Discussion

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that criminal defendants have a Sixth Amendment right to "reasonably effective" legal counsel. To overturn a conviction based on ineffective assistance of counsel, a defendant must show: 1) "that counsel's representation 'fell below an objective standard of reasonableness,'" and 2) "that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (quoting *Strickland*, 466 U.S. at 688, 694)).

### 1. Counsel's Representation

In *Roe*, the Supreme Court addressed the question of whether counsel was deficient for not filing a notice of appeal where defendant did not clearly convey his wishes regarding the filing of an appeal (i.e.,

defendant neither instructed counsel to file an appeal, nor asked that an appeal not be taken). *Id*. at 477.

In this context, the Court began its analysis under the first *Strickland* prong by asking whether counsel had consulted[1] with the defendant about an appeal. *Id.* at 478. If counsel has consulted with the defendant, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id*. If, on the other hand, counsel has not consulted with the defendant, the court must ask a second question: "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id*.

While the Supreme Court acknowledged that "the better practice" is for counsel to consult with the defendant regarding an appeal, the Court rejected a "bright-line rule" requiring counsel to consult with the defendant under all circumstances. *Id*. at 479-80. The Court opted rather to set forth a separate test:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

Relevant to this determination is whether the conviction follows a trial or a guilty plea, because a guilty plea reduces the scope of potentially appealable issues and may indicate that the defendant seeks an end to judicial proceedings. *Id*. at 480. In cases where the defendant plead guilty, the court must also consider whether the defendant received the sentence bargained for in the plea agreement and whether the

---

[1] The Court explained the term "consult" to mean "advising the defendant about the advantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*.

plea expressly reserved or waived some or all appeal rights. *Id*.

The Court gave two examples where an attorney's failure to consult with his or her client regarding an appeal would not be "professionally unreasonable." In the first scenario, counsel advises the defendant that a guilty plea likely will lead to a two year sentence, and the defendant, being satisfied with that result, pleads guilty. The court sentences the defendant to two years and informs defendant of his appeal rights. Defendant does not express interest in appealing, and counsel concludes there are no nonfrivolous grounds for appeal. *Id*. at 479. In the second scenario, a sentencing court's instructions to a defendant regarding his or her appeal rights are "so clear and informative as to substitute for counsel's duty to consult." *Id*. at 479-80.

Despite its refusal to require consultation in all situations, the Court stated: "We expect that courts evaluating the reasonableness of counsel's performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal." *Id*. at 481.

In the present case, I found that petitioner did not ask his counsel to file an appeal, and petitioner's defense counsel concedes that she did not discuss with the petitioner the advantages and disadvantages of taking an appeal. Accordingly, I must determine whether counsel's failure to consult with the petitioner constitutes deficient performance.

Petitioner admitted that he had committed the supervised release violations, a factor which may indicate that he sought an end to judicial proceedings. Petitioner, however, had not entered into a plea agreement for these violations, and thus, there was no negotiated sentence. The absence of a plea agreement also indicates that petitioner had not waived any appeal rights.

4

It is my practice to inform the defendant of his or her right to appeal and to advise him or her to consult with counsel in this regard. Petitioner was so advised. My instructions to the petitioner, however, were brief and cursory, and may not have been "so clear and informative as to substitute for counsel's duty to consult."

Erring on the side of better practice, I find that counsel's failure to consult with the petitioner regarding the advantages and disadvantages of an appeal constitutes deficient performance, and petitioner has satisfied the first part of the *Strickland* test.

## 2. Prejudice to the Defendant/Petitioner

Under *Strickland's* second prong, the defendant must show prejudice from counsel's deficient performance. *Strickland*, 466 U.S. at 694).

To show prejudice in these circumstances, the Supreme Court held that "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe*, 528 U.S. at 484.

This inquiry, too, turns on the facts of the case. *Id*. Factors relevant to this determination include: evidence of nonfrivolous grounds for appeal and evidence that the defendant promptly expressed a desire to appeal. *Id*. at 485-86. A defendant's inability to set forth the specific points he or she would raise in an appeal, however, does not prevent defendant from showing prejudice where there are other reasons to believe he or she would have appealed. *Id*. at 486.

Petitioner has not presented any evidence of nonfrivolous grounds for an appeal. He has not shown what the gravamen of a challenge to his sentence might have been

I note, however, that the sentence imposed was eighteen months imprisonment, followed by

5

eighteen months supervised release, with the first six months of such release to be served in a community correction center ("halfway house").

The Guideline Range, as reflected in the Supplemental Violation report, was eight to fourteen months. (Doc. 48, at 4). Thus, petitioner received a sentence considerably in excess of the Guideline range.

Petitioner was sentenced prior to the decision by the United States Supreme Court in *Booker v. U.S.*, U.S. , 125 S.Ct. 728 (2005), but after the Sixth Circuit's decision in *U.S. v. Koch*, 383 F.3d 436 (6th Cir. 2004). In that case, the Sixth Circuit held, *inter alia*, that District Courts were, pending clarification of the status of the Sentencing Guidelines, to pronounce alternative sentences.

The court's decision in *Koch* reflected the uncertainty about federal sentencing that prevailed during the interregnum period between the Supreme Court's decision in *Blakely v. Washington*, and its decision in *Booker*.

Under all the circumstances, I conclude that the petitioner was sufficiently likely to have suffered substantial prejudice from the failure of his attorney to consult with regard to his right to appeal and the benefits of an appeal – given the fact that, at the time an appeal could and should have been taken, no one could predict or be certain about any federal sentence – that he is entitled to § 2255 relief to restore to him his right to seek a review of the sentence imposed following revocation of his supervised release.

## Conclusion

In light of the foregoing, it is

ORDERED THAT the petition be, and the same hereby is granted.

Counsel for the petitioner shall forthwith consult with the petitioner and, if desired by the petitioner, file a timely notice of appeal from the sentence imposed in *U.S. v. Varnes*, 3:02CR750, following revocation of his supervised release.

So ordered.

/s/James G. Carr
James G. Carr
Chief Judge